J-S07029-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                     :          PENNSYLVANIA
                                     :
          v.                          :
                                     :
                                     :
NATHANIEL HURRICANE FIELDS IV    :
                                     :
          Appellant               :    No. 1423 MDA 2024

Appeal from the PCRA Order Entered September 5, 2024
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0002761-2021

BEFORE: NICHOLS, J., McLAUGHLIN, J., and KING, J.

MEMORANDUM BY McLAUGHLIN, J.:                **FILED JUNE 09, 2025**

Nathaniel Hurricane Fields, IV, appeals from the order dismissing his Post Conviction Relief Act ("PCRA") petition. **See** 42 Pa.C.S.A. §§ 9541-9546. Fields' counsel filed an **Anders**[1] brief and a petition to withdraw as counsel. We affirm the order and grant counsel's petition to withdraw.

The trial court set forth the following factual history:

> By Criminal Information docketed[] to Number CP-36-CR-0002761-2021, [Fields] was charged with allegedly having committed the offenses of Aggravated Assault[1], Accidents Involving Damage to Attended Vehicle or Property[2], Duty to Give Information and Render Aid[3], and Driving While Operating Privilege is Suspened or Revoked[4]. Said charges stem from an automobile accident which occurred on March 26, 2021, at the intersection of East Liberty Street and North Plum Street in the City of Lancaster. Following this accident, [Fields] repeatedly

---

[1] **Anders v. California**, 386 U.S. 738 (1967).

struck the complaining witness causing a fall that resulted in multiple area fractures that required surgical intervention.

> [1] 18 Pa.C.S.A § 2702(a)(1), graded as a felony of the first degree.
>
> [2] 75 Pa.C.S.A § 3743(a), graded as a misdemeanor of the third degree.
>
> [3] 75 Pa.C.S.A § 3744(a), graded as a summary offense.
>
> [4] 75 Pa.C.S.A § 1543(a), graded as a summary offense.

Following a three-day trial, on May 11, 2022, a jury found [Fields] guilty of Aggravated Assault and Accidents Involving Damage to Attended Vehicle or Property, and th[e trial] court found [Fields] guilty of the two companion summary offenses.

PCRA Ct. Op., filed Sept. 5, 2024, at 1-2.

At the July 2022 sentencing hearing, the court had a presentence investigation report, which counsel clarified by stating that Fields continued to use marijuana but had not used Percocet or Xanax since May 2021. N.T., July 26, 2022, at 5. Trial counsel spoke of Fields' close connection to his family, including his six children and his parents, employment until his incarceration following the trial, sobriety for the preceding year, and acceptance of responsibility. *Id.* at 6-7. Counsel stated that Fields planned to take advantage of any program made available to him while incarcerated and to enroll in classes to attain a CDL license or a different job in the transportation business when released. *Id.* at 8. Counsel requested a mitigated-range sentence. *Id.* The trial court also reviewed a letter from the mother of Fields' children, where

she expressed that Fields was close with his children and remained close to her. *Id.* at 9.

Fields spoke at the sentencing, where he took "full responsibility for his actions," stated he had not intended to hurt the victim, and said he was "very remorseful that he did get hurt." *Id.* Fields stated he loved his family very much and "made a horrible decision." *Id.*

The trial court sentenced Fields to an aggregate sentence of six and a half to 15 years' imprisonment and one year of probation. Fields filed a post-sentence motion, which the trial court denied. Fields filed a timely notice of appeal, but withdrew the appeal.

In January 2023, Fields filed a *pro se* PCRA petition. Appointed counsel filed a *Turner/Finley*[2] letter and petition to withdraw. The PCRA court denied the petition to withdraw and held an evidentiary hearing.

Trial counsel Anthony Damiano testified that he recalled a conversation with Fields about calling as witnesses Fields' two minor sons, who were in the vehicle at the time of the altercation. N.T., June 6, 2024, at 6. The children were ages eight and 11. *Id.* Counsel said that Fields' sons would have testified that the victim had "yelled certain statements at Mr. Fields and then had potentially lunged at him[.]" *Id.* at 7. Counsel testified he and Fields "had a lengthy conversation[.]" *Id.* He testified that, due to the expected testimony of a third-party witness, trial counsel and Fields agreed to not raise a self-

---

[2] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

defense claim or call his children as witnesses, and to concede the evidence established simple assault but argue it did not establish aggravated assault:

> [W]e had come to the decision that our theory of the defense was going to be that this wasn't an aggravated assault, that this was a simple assault, that we would be conceding that, that it wasn't going to be a self-defense claim in this case, that there was an independent witness who was an adult who had observed this and didn't -- basically wasn't -- the children -- the independent eyewitness didn't really corroborate any of the young children's testimony to . . . support that self-defense claim.

*Id.* at 7-8. Counsel testified that he advised Fields to proceed with the simple assault theory because of the independent witness and "that potentially [they] would lose credibility with the jury and any points [they] could score with the jury by calling his own children to testify on his behalf considering they were young children." *Id.* at 8. Counsel further testified that they talked about how they did not want to "draw any attention to the fact that . . . his young children [were] in the car" at the time of the incident, when he was driving without a license and left the scene. *Id.* Counsel stated Fields was in agreement with the strategy. *Id.* at 8-9.

Trial counsel next testified that he discussed the Commonwealth's offer of five to 10 years with Fields. *Id.* at 10. He testified that he did not have a recollection of telling Fields that the maximum Fields faced was 10 years, as Fields alleged, or 20 years. *Id.* at 10-11. He testified that in his "normal course" he would have told Fields that the maximum was 20 years, but he did not "have a recollection of a moment in time of telling [Fields] that it was 20[.]" *Id.* at 11. Counsel testified that he does not think he pushed Fields to

either accept or reject the offer, and stated that Fields was "adamant about trial unless" the plea was for simple assault. *Id.* at 12.

Fields testified that he told trial counsel he wanted his sons to testify and counsel said that "it wasn't a good idea" and led Fields "to not do it." *Id.* at 16. He further testified that after "multiple" conversations with counsel he understood that his maximum penalty was 10 years. *Id.* at 17. Fields testified that counsel told him the maximum was 10 years "at the prelim and he told me before trial, when we were prepping for trial." *Id.* at 20. He stated that his decision to go to trial would have been different had he known he faced a maximum of 20 years' imprisonment, and claimed he would have accepted the five-to-10-year plea deal. *Id.* at 19-20. On cross examination, Fields stated that he would not have admitted to aggravated assault. *Id.* at 21.

The PCRA court dismissed the petition. Fields filed an appeal. Counsel filed an *Anders* brief and petition to withdraw. Counsel identifies ineffectiveness issues—counsel was ineffective for failing to call Fields' sons as defense witnesses, failing to argue self-defense, failing to offer mitigating evidence at sentencing, failing to argue for a different sentence, failing to request a mental health or drug and alcohol evaluation, and failing to advise Fields that he faced a maximum of 20 years' imprisonment.

When counsel seeks to withdraw from an appeal from the denial of PCRA relief, counsel should file a *Turner/Finley* letter or brief, not an *Anders* brief. *See Turner*, 544 A.2d 928-29; *Finley*, 550 A.2d at 214-15. However, we may accept an *Anders* brief in lieu of a *Turner/Finley* letter or brief because

an **Anders** brief offers broader protection. **See Commonwealth v. Widgins**, 29 A.3d 816, 817 n.2 (Pa.Super. 2011). If counsel has filed an **Anders** brief instead of a **Turner/Finley** brief, we analyze whether counsel's brief meets the standards of **Turner/Finley**.

A **Turner/Finley** brief must: (1) detail the nature and extent of counsel's review; (2) list each issue the petitioner wished to have reviewed; and (3) explain why the petitioner's issues were meritless. **See Commonwealth v. Doty**, 48 A.3d 451, 454 (Pa.Super. 2012) (citation omitted). "Counsel must also send to the petitioner: (1) a copy of the 'no-merit' letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel." **Commonwealth v. Wrecks**, 931 A.2d 717, 721 (Pa.Super. 2007). If counsel has substantially complied with these requirements, we conduct our own independent review to determine if the issues raised are in fact meritless. If they are, we grant counsel's petition to withdraw. **Id.**

Here, counsel's brief satisfies **Turner/Finley**. Counsel detailed the nature and extent of his review, listed the issues Fields wished to have reviewed, and explained why the issues were meritless. **Anders** Br. at 8-17. Further, he sent Fields a copy of the brief, a copy of the petition to withdraw, and a statement advising Fields he had the right to proceed *pro se* or with new counsel. **See** Application for Leave to Withdraw as Counsel, filed Dec. 9, 2024, at Exh. 1. We will therefore conduct an independent review to determine whether the issues are meritless.

Fields' issues raise claims of trial counsel ineffectiveness. "[C]ounsel is presumed to be effective and the burden of demonstrating ineffectiveness rests on" the defendant. **Commonwealth v. Rivera**, 10 A.3d 1276, 1279 (Pa.Super. 2010). An ineffectiveness claim requires a petitioner to plead and prove that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable basis for the challenged action or inaction; and (3) the petitioner suffered actual prejudice as a result. **Commonwealth v. Spotz**, 84 A.3d 294, 311 (Pa. 2014). In deciding whether counsel lacked a reasonable basis, "a court will not find counsel to be ineffective if the particular course chosen by counsel had some reasonable basis designed to effectuate" the defendant's interest. **Commonwealth v. Williams**, 899 A.2d 1060, 1063-64 (Pa. 2006) (quoting **Commonwealth v. Rivera**, 773 A.2d 131, 140 (Pa. 2001)). To establish the prejudice prong, the petitioner must establish "that counsel's ineffectiveness was of such magnitude that it could have reasonably had an adverse effect on the outcome of the proceedings." **Commonwealth v. Spotz**, 84 A.3d at 315 (citation and quotation marks omitted).

In the first issue, counsel discusses whether trial counsel was ineffective for failing to call [Fields'] two minor sons as trial witnesses.

To establish that trial counsel was ineffective for failing to call a witness, the defendant must plead and prove that "(1) the witness existed; (2) counsel was either aware of or should have been aware of the witness's existence; (3) the witness was willing and able to cooperate on behalf of the defendant; and (4) the proposed testimony was necessary to avoid prejudice to the

defendant." **Commonwealth v. Tharp**, 101 A.3d 736, 757 (Pa. 2014) (quoting **Commonwealth v. Bryant**, 855 A.2d 726, 746 (Pa. 2004)).

Here, the PCRA court concluded counsel had a reasonable basis for not calling [Fields'] sons as trial witnesses and that Fields failed to establish he was prejudiced:

> [Fields] has failed to submit any explanation as to how calling his sons would have "offered a potential for success substantially greater than the course actually pursued," **Spotz**, 84 A.3d at 312. . . . [T]he measure of the evidence supports the chosen strategy. Per [trial counsel's] credible testimony, a crucial third-party witness would have contradicted the testimony of his sons, who were both young and therefore less reliable than an objective third-party, this notwithstanding the other issues presented by drawing the jury's attention to the presence of [Fields'] young sons at the time of the incident. [Fields] has presented no evidence to rebut this, indicating only his dissatisfaction with the strategy pursued by Counsel, who, in any case, credibly testified that his client was in full agreement with the chosen defense theory.
>
> Accordingly, the court cannot find that [Fields] was prejudiced by Attorney Damiano's decision not to call his sons. Even so, [Fields] has failed to demonstrate that his sons were willing and competent to testify, especially considering their young ages at the time of the incident (eight and eleven). What the record does suggest is that their testimony would have further jeopardized [Fields'] case. For this reason, [Fields'] claim lacks arguable merit and dissuades against any suggestion that [trial counsel] acted unreasonably.

PCRA Ct. Op. at 10-11 (some internal citations omitted).

The record supports the PCRA court's findings and it did not err. Counsel had a reasonable strategy, that Fields agreed with, for not calling his sons as witnesses. Further, Fields has not established he was prejudiced by the failure

to call his sons, especially as the testimony could have harmed his case. This claim lacks merit.

In the next issue, counsel addresses whether trial counsel was ineffective for failing to argue self-defense. The PCRA court concluded this claim failed because it lacked arguable merit, counsel had a reasonable basis to not argue self-defense, and Fields failed to demonstrate prejudice:

> [T]he court notes that [Fields'] claim lacks arguable merit as lacking support in the record. At the PCRA hearing, Counsel credibly testified at length regarding the strategy pursued: an independent witness made self-defense nonviable, leading the Defense to construct a theory of mitigation instead. Counsel further credibly testified that he and his client discussed the merits of such strategy at length and were ultimately in agreement that it, and not self-defense, should be pursued as the chosen defense theory.

> Moreover, as the record relates to the reasonable basis element of ineffective assistance, [Fields] has failed to demonstrate how self-defense would have fared any better than mitigation. To the contrary, the record only indicates the weaknesses of self-defense. The only assertion as to its viability is [Fields'] cursory accusation that Counsel "abandoned a viable trial strategy with no logical explanation even after I brought it to his attention." Thus, finding [trial counsel] ineffective for failing to raise self-defense would require the court to engage in baseless speculation beyond the record, something it is unwilling and unable to do.

> Because [Fields] has failed to demonstrate how self-defense would have fared better than mitigation, the court cannot make the further determination that self-defense would have changed the outcome of trial, as required for a showing of prejudice. In essence, the record suggests that [Fields], imbued with the benefit of hindsight, wishes that a different strategy was chosen over that which failed at trial; this, however, is not within the scope of PCRA relief. [Fields]

has therefore failed to prove any of the necessary elements of his second claim, which must be denied.

PCRA Ct. Op. at 9-10 (citations omitted).

The record supports the PCRA court's findings and it did not err in dismissing the claim. The evidence did not support a self-defense claim, counsel had a reasonable basis for not pursuing the claim, and Fields was not prejudiced. This claim lacks merit.

In the third issue, counsel discusses whether trial counsel was ineffective regarding the sentencing hearing. Fields contended that counsel should have offered mitigating evidence, failed to argue for a different sentence, and failed to request a mental health or drug and alcohol evaluation.

The PCRA court found Fields did not present evidence on the sentencing issues, and that the ineffectiveness claims lacked merit:

> [D]espite [Fields'] cursory allegations — no testimony was presented at the evidentiary hearing on sentencing issues — the record reflects that Trial Counsel reviewed his client's background with the court, drawing attention to his sobriety and favorable family life; summarized a letter written by the mother of [Fields'] children detailing his role as a father and argued for a mitigated sentence on these and other facts. There is, however, no indication that [Fields'] "trial attorney failed to litigate for a more suitable sentence and failed to introduce mitigating evidence." Besides being contradicted by the record, [Fields'] claims also suffer from their paucity. For without specifying what mitigating evidence [trial counsel] should have presented (in addition to that which he did) or why he should have received a mitigated sentence (beyond Counsel's actual argument), the court cannot find that [trial counsel] was unreasonable for failing to present it, or that its absence prejudiced [Fields] in any way.

Similarly, [Fields] claims that Counsel failed to request a mental health evaluation despite his request for the same. But whereas the record rebuts [Fields'] other claims of ineffective assistance at sentencing, the record is wanting of any discussion of a mental health evaluation, save [Fields'] bare assertion that he may suffer from PTSD. Significantly, [trial counsel] was never questioned on this point at the evidentiary hearing, leaving the court with nothing more than the bald assertions contained in the pleadings.

Again, the court finds that [Fields] has failed to carry his burden. Despite [Fields'] claim that he wanted a mental health evaluation for suspected PTSD, it remains unclear whether this was communicated to Counsel, how Counsel considered it if so, whether such a request would have been fruitful, and the effect this would have had on the sentence imposed. Thus, there is no basis to find that [trial counsel] acted unreasonably or that [Fields] was prejudiced if he did.

PCRA Ct. Op. at 11-12.

The record supports the PCRA court's findings and it did not err in dismissing the claims that counsel was ineffective at sentencing. Counsel discussed mitigating factors at the sentencing, including Fields' sobriety, and the record contains nothing to support an assertion that a mental health evaluation was required. Further, Fields presented no evidence to support these claims at the PCRA hearing. This claim lacks merit.

The last issue that counsel addresses is Fields' claim that counsel did not inform him of the statutory maximum for aggravated assault. Fields claimed that trial counsel told him the maximum penalty he faced was 10 years, not 20 years, as is the maximum for aggravated assault. He claimed that if he had known the true maximum, he would have accepted the Commonwealth's plea offer of five to 10 years' imprisonment.

To establish prejudice when claiming ineffectiveness for a rejected plea offer, the petitioner must prove: (1) "there is a reasonable probability that the plea offer would have been presented to the court"; (2) "the court would have accepted its terms"; and (3) "the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgement and sentence that in fact were imposed." ***Commonwealth v. Steckley***, 128 A.3d 826, 832 (Pa.Super. 2015) (citation omitted).

Here, the PCRA court concluded counsel was not ineffective, finding counsel told Fields the maximum was 20 years and, regardless, Fields would not have accepted a plea to aggravated assault:

> [Fields'] present claim lacks credible support from the record. It is noted that [Fields] testified in an inconsistent manner during the evidentiary hearing. Although contending that had he known the statutory maximum for aggravated assault was twenty years, he would have accepted the Commonwealth's offer in the absence of anything better, [Fields] conceded on cross-examination that he would not have accepted any plea offer for the offense of Aggravated Assault.
>
> In addition, [Fields'] current claims are rebutted by the credible testimony presented by [trial counsel]. [Trial counsel] reiterated that [Fields] was unwilling to accept any plea offers unless the Commonwealth would reduce the charge to Simple Assault. [Trial counsel] further testified that although he could not recall specifically advising his client of the statutory maximum for aggravated assault, it would have been his standard procedure to do so.
>
> Inasmuch [Fields'] claim lacks credible support from the record, [Fields] has failed to establish any of the three elements necessary for a claim of ineffective assistance of counsel.

- 12 -

First, [Fields] has failed to satisfy his burden in proving that his attorney acted unreasonably. For despite [Fields'] contention that he was advised of the wrong statutory maximum, it remains unclear why an experienced attorney, would have been so misinformed for so long. Indeed, [Fields] claims not that [trial counsel] misadvised him on one occasion, but that his attorney advised him the maximum was half of what it was from the preliminary hearing through trial. Stacked against Counsel's stated procedure — which surely includes being correct on such basic matters as statutory maximums — the court, without more, cannot credit [Fields'] allegation.

[Fields'] claim also fails as he has failed to demonstrate actual prejudice. . . . [A] claim of this nature requires the petitioner to show "a reasonable probability that the plea offer would have been presented to the court." Such a reasonable probability remains to be seen where [Fields'] testifies on the one hand that he would have accepted the offer if apprised of the correct maximum, and on the other hand claims — in addition to his attorney — that he had no desire of accepting a plea that retained Aggravated Assault. Thus, [Fields'] position is fundamentally different from the petitioner in **Steckley**, where the Superior Court held that a consistent bargaining position "does not necessarily belie [a] later claim that [petitioner] would have accepted a guilty plea offer." [**Steckley**, 128 A.3d] at 834. That is, [Fields'] claim of prejudice is deficient because the court has no basis upon which to make the necessary finding that he would have taken the plea at all. Notwithstanding this deficiency, the testimony of both [trial counsel] and [Fields] on this point, the latter corroborating the former, also serves to bolster [trial counsel's] credibility on the whole.

PCRA Ct. Op. at 6-8 (some internal citations omitted).

The record supports the PCRA court's findings, and it did not err. Fields has failed to establish any of the ineffective assistance of counsel prongs in relation to his claim that counsel informed him the maximum penalty was 10 years. This claim lacks merit.

Further, we have conducted an independent review of the record and conclude there are no meritorious issues.

Order affirmed. Petition to withdraw granted.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 06/09/2025